UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jerry J. Wells, | ) | C/A No. 3:08-cv-3634-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Briggs Construction Equipment, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Jerry J. Wells, brought this discrimination action against his former employer pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.* In the complaint, the plaintiff asserts that the defendant retaliated against him by firing him when he sought accommodations for an upcoming knee surgery, and that the defendant treated younger, less-productive employees more fairly. The defendant filed a motion for summary judgment contending that the plaintiff was fired because he did not meet his employer's legitimate expectations; that the plaintiff's knee condition did not constitute a disability under the ADA; and that the plaintiff failed to exhaust his administrative remedies for retaliation.

The magistrate judge assigned to this action[1] has prepared a comprehensive report and recommendation and suggests that the defendant's motion for summary judgment should be

---

[1] The magistrate judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

granted as to all of the plaintiff's claims. The magistrate judge found that the plaintiff failed to show that he was meeting his employer's legitimate expectations at the time of his termination; that the plaintiff failed to demonstrate that his employer regarded him as having a disability and understood that recovery period for knee surgery would be temporary; and that the plaintiff failed to exhaust administrative remedies with regard to his claim for retaliation, and in any event does not allege facts showing that he engaged in a protected activity. The report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those here without further recitation.

Within the time limits prescribed by the local rules for this court, the plaintiff filed objections to the report and recommendation. The plaintiff contends that he performed his job satisfactorily and that the defendant's expectations were not attainable under the economic climate at the time. The plaintiff further contends that the defendant regarded him as disabled and that his supervisors' attitude changed when he told them that he needed to have knee surgery. Finally, the plaintiff contends that he stated a claim for retaliation in the narrative portion of the EEOC charge and therefore he exhausted administrative remedies prior to coming to this court. For all of these reasons, the plaintiff contends that summary judgment should have been denied and that this case should proceed to trial.

The court has considered the plaintiff's objections and finds no basis for disturbing the magistrate judge's ultimate conclusion that summary judgment should be granted in favor of the defendant on all claims. After careful review of the applicable law, the record in this case, the report and recommendation, and the plaintiff's objections thereto, the court finds that the magistrate judge's recommendation fairly and accurately summarizes the facts and

applies the correct principles of law. Accordingly, the court adopts the magistrate judge's report and recommendation in its entirety.

Summary judgment is therefore granted in favor of the defendant on all claims.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 27, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge